CPC INTERNATIONAL, INC., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 82-4-00526

(Dated September 15, 1988)

Fitch, King & Caffentzis (James Caffentzis on the briefs) for the plaintiff.
John R. Bolton, Assistant Attorney General, Joseph I. Liebman, Attorney in Charge, International Trade Field Office (Barbara M. Epstein on the briefs) for the defendant.

RAO, Judge: This civil action is before the Court on plaintiff's motion for summary judgment and defendant's opposition thereto and cross-motion for summary judgment.

The imported merchandise consists of numerous varieties of Knorr soup mixes manufactured in and exported from Switzerland in institutional sized packages of two pounds. Knorr dehydrated soups are sold in Switzerland in institutional sized packages of one kilogram (2.2046 pounds).

On liquidation the merchandise was appraised on the basis of foreign value under section 402a(c), Tariff Act of 1930, as amended. The appraised unit values were the various home market prices for kilogram sized packages, less a 2 per cent quality discount, packed.

The parties have stipulated that foreign value is the proper basis for appraisement. Plaintiff claims that there is a 10.13 percent difference in the weight of the product sold in the home market and

that of the imported merchandise, and that it is entitled to an allowance of 10.13 percent in the appraised values.

Defendant's position is that the merchandise is sold and was appraised on the basis of price per package, not on the basis of price per kilogram. Defendant also claims that the 10.13 percent differential between the domestic soup package and the 2 pound export package is not sufficiently significant to preclude a finding of similarity for tariff purposes.

Plaintiff and defendant have agreed that foreign value is represented by the values shown on price lists, one furnished by defendant and several furnished by plaintiff. Defendant's price list enumerates values in Swiss francs for 22 varieties of dehydrated soups, per carton, less 2 percent packed, for the years 1975 through 1978, the time during which the merchandise at issue was imported. The cartons contain twelve two pound packages for all varieties except "Toasted Flour" soup, which consists of twelve 35 ounce packages. Four varieties were listed without Swiss franc values, but with the notation "COP". This price list does not contain a per package price or value for the merchandise.

The price lists supplied by plaintiff for the time periods at issue, January 1977 through March 1978 contain prices or values in the home market at Swiss francs per package. The November 1978 price list, the last one to apply to the imported merchandise, lists per package values and give *per carton* values as well. The carton in the home market contains ten one-kilogram packages.

The Court does not find the price list submitted by defendant to be probative of defendant's position that foreign value is based on specified prices per package. The price list submitted by Custom's import specialist does not contain *pr package* prices, but prices *per carton*. This is not supportive of the government's claim that foreign value was based on a per package price. Neither do the price lists supplied by the Knorr Company support the Government's contention that the foreign value is a per package value: these price lists contain a "grund preis" or base price in Swiss francs per 1 kilogram, and list original carton contents as "ten X 1 kg." The Court cannot conclude from these price lists that the price in the home market was based on per package rather than per kilogram values.

The Court cannot agree that the 10.31% differential between the domestic soup package of 1 kilogram and the 2 pound export package is not significant enough to preclude a finding of similarity for tariff purposes. In *United States* v. *Oscar E. Eggen (American Express Co.), et al.* 55 CCPA 95, our appeals court found sufficient dissimilarity between metric size and inch size ball bearings to preclude a finding that the imported bearings were "similar" to those offered for sale to all purchasers for home consumption. In reaching its decision, the Court considered whether the articles were commercially interchangeable, as well as factors of similarity of materials and cost. The Court found that the bearings were not commer-

cially interchangeable and concluded that cost of production was the proper basis for appraisement.

The instant case differs in that some commercial adaptability exists between a package of soup weighing 2 pounds and one weighing 2.2 pounds. The ultimate user would only be required to increase the amount of liquid by approximately 10.31 percent for the kilo package to yield a product substantially similar to that produced by the 2 pound package. The *amount* of soup produced per package would vary, but not the quality. The commercial value would vary in that more than 10% more soup can be produced from the kilo package than from the 2 pound package.

In *United States* v. *The American Bluefriesveem, Inc. (Van Houten Co.),* 22 CCPA 67, 71, 72 (1934) the Court held that where there is substantial evidence that the merchandise is made of the same materials, made by the same process, is commercially interchangeable with, is adapted to the same materials, made by the same process, is commercially interchangeable with, is adapted to the same use as, and is used for the same purpose as the merchandise sold in the home market at the time of exportation, the requisite similarity exists. All of these factors exist in the instant case, except that there is a 10.31 percent difference in quantity, both in the imported merchandise and in the end product obtained from it.

In *United States* v. *Arkell Safety Bag Co.*, 24 CCPA 26 (1936), the Court considered the value for appraisement purposes of paper imported into the United States in rolls. Our appeals court held that the paper should be considered as paper *per se* and not as rolls of paper, where the rolls sold in the home market, due to the demands and necessities of consumers there, were much smaller in diameter and more costly to produce and place in packaged condition than the large rolls imported into this country. Applying this holding to the case at bar, it is the dehydrated soup mix that forms the basis of value for apprisement purposes. Since the soups in both countries are the same, except as to the quantity contained in the packages, the imported is entitled to the 10.31 percent difference in the weight.

Finally, we are persuaded by the decisions of this Court in *Pistorino & Co., Inc.* v. *United States,* 1 CIT 418, R81/6 (1981), 1 CIT 419, R81/7 (1981), 1 CIT 419, R81/8 (1981), 1 CIT 419, R81/9 (1981 and 1 CIT 420, R81/10 (1981) in which the Government agreed to statements of fact in which dehydrated soups were appraised at unit values, in Swiss francs, (as set forth in red ink on the invoices and/or entry papers), less 10.31 percent packed, which reflected the difference in quantities between kilos and pounds.

It is, therefore,

ORDERED that plaintiff's motion be, and the same hereby is, granted, and it is further

ORDERED that summary judgment be, and the same hereby is, entered in favor of plaintiff, and it is further

ORDERED that the appropriate customs officer reliquidate the entries in accordance with the decision herein and refund all excessive duties, together with the appropriate interest thereon, and it is further

ORDERED that defendant's cross motion for summary judgment is denied.